IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ERIC REDDICK,

    Plaintiff,

vs.

CITRUS HEALTH NETWORK, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, ERIC REDDICK [hereinafter "Plaintiff" or "Reddick"], by and through his undersigned counsel, hereby files this lawsuit against Defendant, CITRUS HEALTH NETWORK, a Florida Corporation, [hereinafter "Defendant" or "Citrus"], and as grounds therefore alleges as follows:

## JURISDICTION

1. This is an action for damages because of wages owed, pursuant to the Fair Labor Standards Act [FLSA], 29 U.S.C. §207.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 as the matter involves a federal question, namely violations of 29 U.S.C. §207.

3. Defendant Citrus is a company contracted with the Florida Department of Children and Families to provide child welfare services by managing foster care and related services.

4. Defendant is an employer as defined within the FLSA.

5. At all times relevant, Defendant was otherwise charged with the responsibility of paying wages to the Plaintiff.

## VENUE

6. Venue is proper in this court as Defendant has a principal place of business located at 4175 W 20th Avenue, Hialeah, FL 33012.

7. Plaintiff Reddick is a resident of Jefferson County, Florida.

8. Plaintiff Reddick worked remotely for Defendant to provide services in Miami Dade and Monroe Counties, Florida.

9. This cause of action occurred in Miami Dade and Monroe Counties, Florida.

## COMMON ALLEGATION

10. Plaintiff was employed with the Defendant.

11. Plaintiff's job was as a placement specialist, which required advocating to foster or group homes to take in children who needed housing.

12. Plaintiff worked for Defendant from August 19, 2019, through June 8, 2021.

13. Plaintiff suffered a stroke in July 2020, which required Plaintiff to take time off work until December 2020.

14. During his employment, Plaintiff was not properly compensated for overtime in that Plaintiff worked more than forty hours in a work week without overtime compensation.

15. Plaintiff estimates without the benefit of his wage and hour records that that he worked an average of fifteen (15) hours of overtime per week.

16. Defendant paid Plaintiff at a salary of $51,000 per year, which is equivalent to $24.52 per hour.

17. Therefore, Plaintiff's overtime rate would be $36.78 per hour.

18. Plaintiff calculates his unpaid overtime to be $40,825.80 [$36.78 x 15 = $551.70 x 74 weeks = $40,825.80].

19. Plaintiff is a non-exempt employee and is otherwise entitled to overtime payments.

20. Plaintiff was individually engaged in interstate commerce or in the production of goods for interstate commerce, or in any closely related process or occupation directly essential to such production.

21. Plaintiff is entitled to time and one-half his hourly rate for all hours worked over forty in each work week.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FLSA, 29 U.S.C. §207

22. Plaintiff incorporates by reference all allegations of this Complaint as if set forth herein.

23. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked more than 40 hours per week.

24. Plaintiff worked more than 40 hours per week for each of the work weeks he was employed with the Defendant in the preceding two-year period except for the five months that he was on leave for his medical treatment.

25. Plaintiff worked more than 40 hours per week without being compensated for overtime payment by the Defendant.

26. Defendant failed to compensate Plaintiff up to one and a half time his hourly rate for all worked performed more than 40 hours.

27. Defendant's failure to compensate Plaintiff violated the FLSA, 29 U.S.C. §207.

28. As a direct and proximate result of the Defendant's actions, Plaintiff suffered damages.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

30. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees, costs, and other penalties allowable at law.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant as follows: that Plaintiff be awarded front pay and back pay, liquidated damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs; that Plaintiff be awarded such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 2nd day of September, 2021

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 S. Central Blvd., Ste. 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008

Facsimile: (561) 653-0020
ScottWagnerLaw.com

s/ Gabriel T. Roberts
Gabriel "Gabe" Talan Roberts
Florida Bar No.: 1018435
Primary E-Mail: GRoberts@ScottWagnerLaw.com
Secondary E-Mail: mail@ScottWagnerLaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com